UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:12CV-00111-JHM

**DONNA SUE SNELL, Administrator**
**of the Estate of Samuel Wayne Snell, Deceased**                                **PLAINTIFF**

**v.**

**OHIO COUNTY FISCAL COURT, et al.**                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Green River Regional Mental Health-Mental Retardation Board, Inc. d/b/a River Valley Behavioral Health (hereinafter "River Valley"), to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [DN 26]. Fully briefed, this matter is ripe for decision.

## I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, attached to the motion to dismiss and the corresponding response are documentary exhibits and affidavits. Generally, if matters outside the pleadings are presented to the Court on a motion to dismiss under Rule 12(b)(6), then the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Considering both sides attached evidence outside the pleadings and the Court has considered the assorted exhibits offered by the parties, the Court will convert this motion to dismiss to one for summary judgment under Rule 56.

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). Rule 56 requires the non-moving party to present "*specific facts* showing there is a *genuine* issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

On December 10, 2011, Plaintiff's decedent, Samuel Wayne Snell, was arrested for attempted murder and third-degree terroristic threatening. He was originally housed in the Muhlenberg County Jail but was subsequently transferred to the Ohio County Detention Center. On February 3, 2012, while detained in the Ohio County Detention Center, Snell committed suicide. Prior to Snell's incarceration, he had sought treatment for various mental health issues.

He was treated at Western State Hospital in July of 2011. After he was discharged from Western State, he sought follow-up treatment on an outpatient basis with River Valley.

On March 23, 2012, Plaintiff, Donna Sue Snell, decedent's wife, was appointed as administratrix of his estate. On September 17, 2012, Plaintiff filed suit against Ohio County Fiscal Court, Ohio County, Ohio County Detention Center, Jailer Gerry Wright, Deputy Paul Roe, Deputy Danny Pogue, Deputy Tim Griffin, and multiple unknown John and Jane Does. Plaintiff alleges claims arising from Snell's detention and supervision he received at the Ohio County Detention Center, including claims of wrongful death, negligence, loss of consortium, intentional infliction of emotional distress, and deprivation of Constitutional rights. The original complaint did not designate River Valley or any of its employees as defendants. Likewise, the allegations in the complaint did not address Snell's treatment at River Valley.

On June 20, 2013, Plaintiff filed an amended complaint adding River Valley as a Defendant. In its amended complaint, Plaintiff asserts that River Valley owed a duty of care to Snell and failed to properly evaluate him. River Valley now moves to dismiss the amended complaint against it arguing that the claims against it are time barred.

### III. DISCUSSION

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1). Collard v. Ky. Bd. of Nursing, 896 F.2d 179, 182 (6th Cir. 1990). The statute of limitations for wrongful death claims brought under KRS § 411.130 is also one year. Gaither v. Commonwealth, 161 S.W.3d 345, 346 (Ky. Ct. App. 2004)(quoting Connor v. George W. Whitesides Co., 834 S.W.2d 652, 653-654 (Ky. 1992)). KRS § 413.180(1)

extends the time for filing an action resulting in the death of a person for up to one year after the qualification of the decedent's personal representative. Connor, 834 S.W.2d at 655. Snell died on February 3, 2012, and Plaintiff was appointed executrix of his estate on March 23, 2012. Accordingly, Plaintiff had one year following her qualification as executrix, or until March 23, 2013, to file suit against any remaining Defendants for her husband's death resulting from his suicide. Plaintiff's amended complaint was not filed until June 20, 2013, and is therefore untimely absent tolling of the statute of limitations.

Plaintiff argues that the statute of limitations for her claims against River Valley is tolled under the doctrine of fraudulent concealment. Plaintiff contends that as a part of her due diligence, she requested and received a copy of the decedent's treatment records from River Valley in July 2012. Plaintiff's counsel represents that the copy of the records provided by River Valley failed to contain two pages of treatment notes regarding the January 10, 2012, visit to Samuel Snell by Lacey Vancleave, a representative of River Valley. Vancleave visited him at the request of the deceased's father. Plaintiff argues that these two pages were critical for determining whether Plaintiff had a claim against River Valley. Plaintiff claims that she was "lulled into inaction" by receipt of records from River Valley which she believed to be a complete and accurate record, but which failed to include any notation of treatment of the Plaintiff's decedent on January 10, 2012, during the term of his incarceration

To establish equitable tolling under a fraudulent concealment theory, a plaintiff must prove "'(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." Hoover v. Langston Equip. Assocs., Inc., 958 F.2d 742, 745 n. 1 (6th Cir.1992) (quoting Dayco Corp. v. Goodyear Tire and Rubber

Co., 523 F.2d 389, 394 (6th Cir.1975)). Regarding the exercise of due diligence, a plaintiff "has an affirmative duty to use diligence in discovering his cause of action within the limitations period" and "'[a]ny fact that should excite his suspicion is the same as actual knowledge of his entire claim.'" Hazel v. General Motors Corp., 863 F. Supp. 435, 440 (W.D. Ky. 1994) (quoting Dayco Corp., 523 F.2d at 394). "In other words, 'the means of knowledge are the same thing in effect as knowledge itself.'" Id. (quoting Wood v. Carpenter, 101 U.S. 135, 143 (1879)). "[T]olling on the basis of fraudulent concealment is to be narrowly applied." Wireman v. Fletcher, 2006 WL 3780548, *6 (E.D. Ky. Dec. 20, 2006), aff'd 250 Fed. Appx. 661 (6th Cir. 2007) (quoting Hill v. United States Dept. of Labor, 65 F.3d 1331, 1336 (6th Cir. 1995). See also Gilley v. Board of Educ. Of Trimble Co., Ky., 2013 WL 3154130, *4 (E.D. Ky. June 19, 2013).

Despite Plaintiff's argument to the contrary, the record does not support tolling of the statute of limitations based on the doctrine of fraudulent concealment. The medical records from River Valley which Plaintiff received in July 2012 reflect that the date of last service rendered by River Valley to the deceased was on January 10, 2012. (See DN 27-3 at 2.) Specifically, the Discharge Summary & Aftercare Plan dated April 26, 2012, reflects that Samuel Snell's "date service began: 7/18/11," his "date of last service" was "1/10/12," and his "date of discharge" was "4/26/12" due to the client's death. (DN 27-3 at p. 2-3.) Accepting Plaintiff's representation that there were two pages of treatment notes missing, the information which was provided by River Valley to Plaintiff should have "excite[d] [Plaintiff's] suspicion" that the decedent's date of last service was in fact January 10, 2012, during the term of his incarceration and prompted further investigation into whether a viable cause of action against River Valley existed. Hazel, 863 F. Supp. at 440.

Additionally, a review of the Plaintiff's Rule 26 Initial Disclosure Statement filed on January 31, 2013, reflects that in disclosing individuals likely to have discoverable information Plaintiff lists representatives of River Valley, Western State Hospital, and Multicare Owensboro Medical Health Systems. Interestingly, Plaintiff states that "the representative [of River Valley] is expected to testify relative to the care and treatment rendered to Samuel Snell prior to and/or during his incarceration in the Ohio Detention Center." (DN 11 at 4.) In contrast, in describing the expected testimony of the other medical representatives from Western State Hospital and Multicare, Owensboro Medical Health Systems, Plaintiff indicates that those representatives are expected to testify relative to the care and treatment rendered to Snell "prior to his incarceration" in the Ohio Detention Center. Thus, Plaintiff's Rule 26 disclosure with respect to River Valley would suggest that Plaintiff was aware of River Valley's involvement with decedent while he was incarcerated.

In light of the facts of the case, the Court finds that Plaintiff has not shown that River Valley engaged in fraudulent conduct that concealed from her facts respecting the merits of her claim or that its conduct prevented her from discovering her cause of action within the limitations period. The information submitted to Plaintiff in July of 2012 by River Valley placed her on notice that the decedent's date of last service by River Valley personnel was January 10, 2012. Considering Plaintiff was aware that the decedent was incarcerated at this time, this information placed Plaintiff on notice that further inquiry from River Valley may be necessary to discover within the statutory time constraints whether she had a claim against River Valley. Plaintiff failed to file her § 1983 claims within the one year statute of limitations period set forth in KRS § 411.130 and KRS § 413.180; therefore, her complaint against River Valley must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the motion by Defendant, Green River Regional Mental Health-Mental Retardation Board, Inc. d/b/a River Valley Behavioral Health (hereinafter "River Valley"), to dismiss [DN 26], which has been converted to a motion for summary judgment, is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

November 20, 2013

cc: counsel of record